# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DREW GILLHAM,
    Petitioner

    vs                                  Case No. 1:06-cv-251
                                        (Dlott, J.; Black, M.J.)

STEVEN KELLUM,                     **ORDER**
    Respondent

On May 1, 2006, a "Petition for Writ of Habeas Corpus" was filed in this Court by one William Judson Mercer purportedly on behalf of petitioner Drew Gillham, a federal pretrial detainee. (Doc. 1). Mr. Gillham has recently been indicted on charges of income tax evasion and obstructing and/or impeding the administration of the internal revenue laws. *See United States v. Drew A. Gillham*, Case No. 1:06-cr-057 (S.D. Ohio). This matter is before the Court for sua sponte consideration whether the petition for habeas corpus relief is subject to summary dismissal under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts, 28 U.S.C. foll. § 2255, prior to the issuance of any order requiring respondent to show cause why the writ should not be granted.

Title 28 U.S.C. § 2243 provides in relevant part: "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto*." (Emphasis added). Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts,

28 U.S.C. foll. § 2255, provides in relevant part: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rules Governing § 2255 Proceedings, Rule 4, 28 U.S.C. foll. § 2255.[1]

In this case, it is clear from the face of the petition that petitioner is not entitled to habeas corpus relief because the petition is brought by William Judson Mercer who lacks standing to bring this action on behalf of Mr. Gillham. Therefore, the Court is without jurisdiction to entertain the petition.

First, the petition is not signed by Drew Gillham, but rather by William Judson Mercer "acting on behalf of Drew Gillham, Petitioner herein, not as an attorney but as a friend who has agreed to represent him in this matter." (Doc. 1 at 5). Pursuant to Fed. R. Civ. P. 11(a), every pleading, motion or paper presented to the Court shall be signed by an attorney of record, or "if the party is not represented by an attorney, shall be signed by the party." Since Mr. Mercer states he is not an attorney, he may not sign the petition on Mr. Gillham's behalf.

Second, to the extent that Mr. Mercer seeks to bring this action as a "next friend," in that he is pursuing this cause on behalf of Drew Gillham who remains the real party in interest, Mr. Mercer has failed to satisfy the prerequisites for "next friend" standing. Mr. Mercer has failed to show that Drew Gillham is under some type of disability, such as mental incompetence, preventing him from prosecuting this action on his own behalf and that he is dedicated to Mr.

---

[1] To the extend the petitioner may be seeking relief under 28 U.S.C. § 2254, there is a similar provision for summary dismissal under Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts, 28 U.S.C. foll. § 2254, which provides in relevant part: "If it plainly appears from the face of the petition and any exhibits attached to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

Gillham's best interests.  *See Whitmore v. Arkansas,* 495 U.S. 149, 163 (1990); *Franklin v. Francis,* 144 F.3d 429, 432-33 (6th Cir.), *cert. denied,* 525 U.S. 985 (1998).  Therefore, Mr. Mercer does not have standing to pursue a writ of habeas corpus on Mr. Gillham's behalf and the Court lacks jurisdiction under the federal habeas corpus statutes to consider the petition.

Finally, the Court notes that even if the Court had jurisdiction over this matter under 28 U.S.C. § 2241 which establishes jurisdiction to consider pretrial petitions by persons in custody regardless of whether a final judgment has been rendered, *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir.), *cert. denied*, 452 U.S. 964 (1981), the petition would nevertheless be dismissed on the grounds that Mr. Gillham must exhaust his available federal court remedies before he can raise the claims set forth in the petition in a habeas corpus proceeding.  *See Sandles v. Hemingway*, 22 Fed. Appx. 557 (6th Cir. 2001);  *Kotmair v. United States*, 143 F. Supp.2d 532, 534 (E.D.N.C. 2001); *Moore v. United States*, 875 F. Supp. 620, 624 (D. Neb. 1994).

In sum, because it plainly appears from the face of the petition that Mr. Gillham is not entitled to habeas corpus relief, the Court concludes the petition is subject to summary dismissal under 28 U.S.C. § 2243, and Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. foll. § 2255.

**IT IS THEREFORE ORDERED THAT:**

1.  The petition for writ of habeas corpus submitted pursuant to either 28 U.S.C. § 2241 or 28 U.S.C. § 2255 is *sua sponte* DISMISSED.

2.  A certificate of appealability shall not issue, because for the foregoing reasons, petitioner has

failed to make a substantial showing of the denial of a constitutional right that is remediable in this habeas corpus proceeding and jurists of reason would not find this Court's resolution of the petition to be debatable or that they should receive encouragement to proceed further. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). *See also Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith" and therefore DENIES petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

 S/Susan J. Dlott
Susan J. Dlott, Judge
United States District Court